UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALLAN WINN, et al., | ) |
| | ) |
|   Plaintiffs, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:11-cv-1160-WTL-DKL |
| | ) |
| ALLSTATE CASUALTY COMPANY, et al. | ) |
| | ) |
|   Defendants. | ) |

### ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

All parties have moved for summary judgment in this case.[1] The motions are fully briefed and the Court, being duly advised, **GRANTS** the Defendants' motion and **DENIES** the Plaintiffs' motion to the extent and for the reasons set forth below.

### I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations,

---

[1] The Plaintiffs are proceeding pro se in this case and were provided with the notice required by Local Rule 56-1(k). In response to the Defendants' motion for summary judgment, they filed their own motion for summary judgment.

that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

## II. FACTUAL BACKGROUND

The following facts are not in dispute. On June 16, 2007, the Plaintiffs' residence was destroyed by fire. The house was insured by a policy issued by Allstate[2] ("the Policy"). The Winns made a claim under the Policy both for structural damage to the house and for personal property.

On September 5, 2008, the Winns filed suit in Marion County Superior Court alleging that Allstate had failed to pay them what they were owed under the Policy. Specifically, the Winns alleged that Allstate paid the mortgage holder, American General, the balance of its lien, $85,756.07, but refused to pay the Winns the remainder of the $307,194.00 value of the house and the value of the contents that were lost, which they alleged to be $122,838.00. That case was removed to this court and ultimately dismissed for failure to prosecute in July 2009 after Plaintiffs' attorney failed to comply with various court orders. The Winns, by new counsel, attempted to reinstate their case in April 2011; their motion to reinstate was denied because "after a dismissal without prejudice, the plaintiff can resurrect his lawsuit only by filing a new complaint." *U.S. v. Ligas*, 549 F.3d 497, 503 (7th Cir. 2008). The Winns, now proceeding pro se, then filed this suit in August 2011.

---

[2]Neither party distinguishes between the two Defendants, so the Court, too, will treat them as a single entity.

## III. DISCUSSION

Allstate argues that it is entitled to summary judgment as to all of the Winns' claims because they are time-barred. Allstate's argument is based on the following provision in the Policy:

> No one may bring an action against [Allstate] in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which Section I Conditions applies [sic.], unless . . . the action is commenced within one year after the inception of loss or damage.

Policy at 20. Under Indiana law,

> it is well settled that a provision in an insurance policy that limits the time in which a suit may be brought to a period less than that fixed by the statute of limitations is binding, unless it contravenes a statute or public policy. Provisions limiting actions on an insurance policy to twelve months have been upheld as valid and enforceable; consequently, actions on a policy that are brought after the expiration of such limitation periods will be barred.

*United Technologies Auto. Sys., Inc. v. Affiliated FM Ins. Co.*, 725 N.E.2d 871, 874 (Ind. App. 2000) (citing *Brunner v. Economy Preferred Ins. Co.*, 597 N.E.2d 1317, 1318 (Ind. App. 1992)). There is no dispute that the Winns' claim is asserted "under a coverage to which Section I Conditions" apply; "Section I" of the Policy is where coverage for both dwellings and personal property is found. There also is no dispute that this action was not commenced within one year after the loss; indeed, it was filed over four years after the fire.[3] Accordingly, the undisputed facts of record demonstrate that the Winns' claims

---

[3] The Winns' first suit also was filed more than a year after the fire. Even if it had been timely filed, however, that would not have helped the Winns, inasmuch as "[w]hen a federal civil action is dismissed without prejudice, the statute of limitations runs continuously. It is not reset by the filing and dismissal . . . ." *Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). In addition, the fact that Allstate did not argue that the first suit was time-barred does not preclude it from advancing that argument now. *Cf. id.* at 973 ("Defendants invoked their rights with dispatch in response to the May 2009 suits; what they did or did not do in response to earlier suits is irrelevant.").

against Allstate are time-barred because this case was not filed within one year of their loss. Allstate therefore is entitled to summary judgment on the Winns' claims. In light of this ruling, the Winns' motion for summary judgment is **DENIED**. Simply put, the Winns cannot recover from Allstate because this lawsuit was not filed in time.

Allstate also seeks summary judgment on its counterclaim for declaratory judgment. Inasmuch as judgment will be entered in favor of Allstate on all of the Winns' claims, Allstate's counterclaim for declaratory judgment is moot and will be dismissed as such.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' motion for summary judgment is **GRANTED** with regard to the Plaintiffs' claims and the Plaintiffs' motion for summary judgment is **DENIED**. The Defendants' counterclaim for declaratory judgment is **DISMISSED AS MOOT**. Judgment will be entered accordingly.

SO ORDERED: 10/31/2012

                                        Hon. William T. Lawrence, Judge
                                        United States District Court
                                        Southern District of Indiana

Copies to all counsel of record via electronic notification